COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                    SUPERIOR COURT

|  |  |
|---|---|
| OMNI DEVELOPMENT<br>   CORPORATION, | : |
| Plaintiff, | : |
| v. | : |
| CONNOLLY AND PARTNERS, LLC,<br>FHRC MANAGEMENT CORPORATION,<br>FIRST HARTFORD CORPORATION, and<br>NEIL H. ELLIS, | :<br>:<br>:<br>: |
| Defendants, | : |
| and | : |
| ROCKVILLE BANK, | : |
| Reach and Apply<br>Defendant, | : |
| ROCKLAND TRUST,<br>BANK OF AMERICA, N.A.,<br>RBS CITIZENS BANK,<br>SOVEREIGN BANK,<br>FIDELITY MANAGEMENT AND<br>   RESEARCH COMPANY,<br>WAINWRIGHT BANK & TRUST<br>   COMPANY,<br>EASTERN BANK, and<br>MECHANICS COOPERATIVE BANK, | : |
| Trustee Defendants. | : |

CIVIL ACTION NO. 10-4487D

## VERIFIED COMPLAINT

### Introduction

Omni Development Corporation ("Omni") and Connolly and Partners, LLC

("Connolly") entered into a development agreement which provided that they would

share equally in a $1,663,945.00 development fee earned from the development of an apartment project located in Rockland, Massachusetts known as the Spring Gate Apartments. Connolly recommended that FHRC Management Corporation manage the development and that a related company, First Hartford Corporation – both of whom had the same President, Neil Ellis, guaranty certain payments related to the development. Due to the actions of the Defendants, Omni has never received its portion of the development fee and the Defendants continue to fail and refuse to pay Omni the portion of the development fee it is owed.

### Parties

1.      Plaintiff Omni Development Corporation ("Omni") is a non-profit corporation organized and existing pursuant to the laws of the state of Rhode Island with a principal place of business located at 810 Eddy Street in Providence, Rhode Island.

2.      Defendant Connolly and Partners, LLC ("Connolly") is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business located at 8 Faneuil Hall Marketplace, Boston, Suffolk County, Massachusetts.

3.      Defendant FHRC Management Corporation ("FHRC") is, on information and belief, a corporation organized and existing pursuant to the laws of the state of Delaware with a principal place of business located at 149 Colonial Road, in Manchester, Connecticut.

4.      Defendant First Hartford Corporation ("First Hartford") is, on information and belief, a corporation organized and existing pursuant to the laws of the state of Maine with a principal place of business located at 149 Colonial Road, in Manchester, Connecticut.

2

5.      Defendant Neil H. Ellis ("Mr. Ellis") is, on information and belief, the President of Defendants FHRC and First Hartford. Mr. Ellis is an individual who has a principal place of business located at, on information and belief, 149 Colonial Road, in Manchester, Connecticut.

6.      Reach and Apply Defendant Rockville Bank ("Rockville Bank") is, upon information and belief, a banking institution registered to do business as a bank in the state of Connecticut with an office located at: Big Y Manchester, 214 Tolland Turnpike, Manchester, Connecticut. Upon information and belief, as more fully described in a separate motion filed herewith, Reach and Apply Defendant Rockville Bank holds certain monies for the benefit of each or any of the Defendants.

7.      Trustee Defendant Rockland Trust ("Rockland Trust") is, upon information and belief, a banking institution registered to do business as a bank in the Commonwealth of Massachusetts with an office located at:  288 Union Street, Rockland, Massachusetts. Upon information and belief, Rockland Trust holds certain monies for the benefit of each or any of the Defendants.

8.      Trustee Defendant Bank of America, N.A. ("Bank of America") is, upon information and belief, a banking institution registered to do business as a bank in the Commonwealth of Massachusetts with an office located at: 60 State Street, Boston, Massachusetts. Upon information and belief, as more fully described in a separate motion filed herewith, Trustee Defendant Bank of America holds certain monies for the benefit of each or any of the Defendants.

9.      Trustee Defendant RBS Citizens Bank ("Citizens") is, upon information and belief, a banking institution registered to do business as a bank in the Commonwealth of Massachusetts with an office located at: 28 State Street, Boston, Massachusetts. Upon

information and belief, as more fully described in a separate motion filed herewith, Trustee Defendant Citizens holds certain monies for the benefit of each or any of the Defendants.

10. Trustee Defendant Sovereign Bank ("Sovereign") is, upon information and belief, a banking institution registered to do business as a bank in the Commonwealth of Massachusetts with an office located at: 75 State Street, Boston, Massachusetts. Upon information and belief, as more fully described in a separate motion filed herewith, Trustee Defendant Sovereign holds certain monies for the benefit of each or any of the Defendants.

11. Trustee Defendant Fidelity Management and Research Company ("FMR") is, upon information and belief, a private company which acts as an investment advisor to Fidelity's family of mutual funds and is registered to do business as an investment adviser in the Commonwealth of Massachusetts with an office located at: 10 Post Office Square, Boston, Massachusetts. Upon information and belief, as more fully described in a separate motion filed herewith, Trustee Defendant FMR holds certain monies and/or other assets for the benefit of each or any of the Defendants.

12. Trustee Defendant Wainwright Bank & Trust Company ("Wainwright") is, upon information and belief, a banking institution registered to do business as a bank in the Commonwealth of Massachusetts with an office located at: 63 Franklin Street, Boston, Massachusetts. Upon information and belief, as more fully described in a separate motion filed herewith, Trustee Defendant Wainwright holds certain monies for the benefit of each or any of the Defendants.

13. Trustee Defendant Eastern Bank ("Eastern") is, upon information and belief, a banking institution registered to do business as a bank in the Commonwealth of

Massachusetts with an office located at: 265 Franklin Street, Boston, Massachusetts. Upon information and belief, as more fully described in a separate motion filed herewith, Trustee Defendant Eastern holds certain monies for the benefit of each or any of the Defendants.

14.     Trustee Defendant Mechanics Cooperative Bank ("Mechanics") is, upon information and belief, a banking institution registered to do business as a bank in the Commonwealth of Massachusetts with an office located at: 308 Bay Street, Taunton, Massachusetts.  Upon information and belief, as more fully described in a separate motion filed herewith, Trustee Defendant Mechanics holds certain monies for the benefit of each or any of the Defendants.

### Jurisdiction and Venue

15.     Jurisdiction exists in Massachusetts pursuant to M.G. L.ch. 223A, § 2 and §3, because Defendant Connolly is organized under the laws of and maintains its principal place of business in the Commonwealth of Massachusetts and the remaining Defendants transact business in the Commonwealth of Massachusetts.

16.     Venue exists in Suffolk County pursuant to M.G.L.ch. 223, § 8(2), because Connolly has its usual place of business in Suffolk County.

## Statement of Facts

17.     Omni is a not-for-profit community planning and development corporation whose mission is to revitalize neighborhoods through the development of residential and commercial real estate to provide the highest quality of affordable housing.  For more than twenty (20) years, Omni has successfully helped local cities, towns, community action groups, and housing agencies to develop and rehabilitate sorely needed affordable housing for economically disadvantaged individuals, families of low to moderate incomes, the elderly and the disabled.

18.     In order to rehabilitate and develop affordable housing in Rockland, Massachusetts, Omni, Connolly, and other entities formed Rockland Place Apartments Limited Partnership (the "Partnership").  A true and correct copy of the First Amended and Restated Agreement of Limited Partnership of Rockland Place Apartments Limited Partnership is attached hereto and marked as Exhibit "A".

19.     The Partnership was formed to acquire, rehabilitate, develop, improve, maintain, own, operate, lease, dispose of and otherwise deal with an apartment project located in Rockland, Massachusetts, known as the Spring Gate Apartments (the "Project").

20.     Defendant Mr. Ellis, as President of Defendant FHRC, signed Exhibit A consenting and agreeing to the provisions of Article XI relating to management of the Project.  Ex. A, p. 95.

21.     Omni and Connolly entered into an agreement to become Rockland Place Developers LLC to develop and perform certain services with respect to the Project.

22.    On or about July 17, 2006, Omni and Connolly entered into the Rockland Place Developers LLC Operating Agreement (the "Operating Agreement"). A true and correct copy of the Operating Agreement is attached hereto and marked as Exhibit "B".

23.    On or about August 25, 2006, the Rockland Place Developers LLC, comprised of Omni and Connolly, and the Partnership entered into an Amended and Restated Development Agreement (the "Development Agreement"). A true and correct copy of the Development Agreement is attached hereto and marked as Exhibit "C".

24.    Section 6 of the Development Agreement provides that the developer, Rockland Place Developers LLC, comprised of Omni and Connolly, shall receive a fee in the amount of $1,663,945.00 as a development fee.

25.    Section 6.2 of the Operating Agreement provides that Rockland Place Developers LLC shall distribute operating cash flow to the members, Omni and Connolly, in proportion to their respective Percentage Interests which are fifty percent (50%) each.

26.    In order to provide funding for the Project, Rockland Place Apartments, LLC, Defendant First Hartford, Omni, and Omni Rockland Development Corporation entered into a Funding Agreement. A true and correct copy of the Funding Agreement is attached hereto and marked as Exhibit "D".

27.    The Funding Agreement specifies exactly how the Project is to be funded and if and when funding sources are to be repaid out of which sources of income. For example: "In no event will overhead costs of Rockland [Place Apartments, LLC], First Hartford, Connolly and Partners, Omni Development [Omni], Omni Rockland [Development Corporation], or their nominees be reimbursed to them from partnership funds or funds otherwise available for the payment of development fees." Ex. D, p. 3.

28.    Pursuant to the Funding Agreement, Defendants First Hartford and
Connolly , the Manager of Rockland Place Apartments, LLC promised that the
"[Rockland Place Apartments Limited] Partnership and Rockland Place Developers LLC
agree to not engage any non-routine consultants post closing for which a contribution is
required of Omni Development [Omni] or Omni Rockland [Development Corporation] or
for which payment will affect the funds otherwise due and payable to Rockland Place
Developers LLC without the prior written approval of Omni Rockland [Development
Corporation] or Omni Development [Omni]. Rockland [Place Apartments, LLC] further
agrees to provide Omni Development [Omni] and/or Omni Rockland [Development
Corporation] with a copy of the annual [Rockland Place Apartment Limited] Partnership
audited financial statements and tax returns, and will provide for the signature of Omni
Development [Omni] on all Rockland Place Developers LLC checks, and will, on a
timely basis, provide copies of any legal notices received by the [Rockland Place
Apartment Limited] Partnership from time to time.  Any funds received by Rockland
Place Developers LLC will be disbursed on a timely basis to the members without
holdback." Ex. D, pp. 4-5.

29.    The avowed intent of the Funding Agreement was to assure that neither
Omni nor Omni Development Corporation would be required to advance any monies to
develop the Project and to secure the return of the one-half development fee to Omni
agreed upon in the Operating Agreement. Ex. D, ¶ 8.

30.    In order to secure the necessary approvals and funding for the Project,
Defendant First Hartford, by Defendant Mr. Ellis, signed a Guaranty Agreement
unconditionally and irrevocably guaranteeing payment and advancement of all funds and
every obligation of Rockland Place Apartments, LLC and Omni Rockland Development

Corporation, as well as Rockland Place Developers LLC. A true and correct copy of the Guaranty Agreement is attached hereto and marked as Exhibit "E".

31.     In contravention of their promises in the Funding Agreement, Defendants failed to provide Omni with a copy of the annual Rockland Place Apartments Limited Partnership tax returns or audited financial statements on a timely basis; such documents were only provided after Omni requested them numerous times. Despite Omni's repeated requests, the Defendants have failed and refused to provide an accurate accounting of the post-closing costs they have incurred without Omni's approval. The Defendants have refused to provide all Rockland Place Developers LLC checks for Omni Development Corporation's signature.

32.     In flagrant disregard of both the spirit and the letter of the Agreements, the Defendants have used the entirety of the development fee as their own – spending it as they wished without prior approval by or accountability to Omni.

33.     Omni has repeatedly requested both an accounting and the payment of the portion of the one-half of the development fee to Omni that it is due minus the small number of expenses that Omni has approved, but the Defendants have steadfastly failed and refused to pay the development fee to Omni breaching the Agreements and their duties to Omni and causing Omni great damage and harm.

## Causes of Action

### Count I

#### *Omni v. Connolly, FHRC and First Hartford*

#### Breach of Contract

34.     Omni hereby incorporates the averments of Paragraph Numbers 1-33 hereof as though fully set forth herein.

35.     Defendants owe Omni $716,000, one-half (1/2) of the development fee subtracting the expenses approved by Omni.

36.     The Defendants' failure to pay Omni one-half (1/2) of the development fee subtracting the expenses approved by Omni is a breach of the Agreements.

37.     The Defendants' conduct have caused Omni great damage and harm including the loss of the use of the funds to finance other projects.

WHEREFORE, Omni respectfully requests the Court to enter judgment in favor of Omni and against Defendants on Count I of the Complaint in the amount of $716,000, together with interest and costs, to order an accounting of the records of Rockland Place Apartments Limited Partnership, and to award such other further relief as is just and proper.

### Count II

#### *Omni v. Connolly, FHRC and First Hartford*

#### Unjust Enrichment

38.     Omni hereby incorporates the averments of Paragraph Numbers 1-37 hereof as though fully set forth herein.

10

39.     Defendants, by keeping and misappropriating the development fee of $1,663,945.00, instead of only the one-half (1/2) agreed upon pursuant to the Operating Agreement, became unjustly enriched at the expense of Omni.

40.     At the same time, Omni was deprived of its share of the development fee which had been promised pursuant to the Operating Agreement.

41.     The failure to pay Omni the development fee has caused Omni great damage and harm.

42.     There is no justification for allowing Defendants to maintain the development fee and be unjustly enriched.

WHEREFORE, Omni respectfully requests the Court to enter judgment in favor of Omni and against the Defendants on Count II of the Complaint in the amount of $716,000, together with interest and costs, to order an accounting of the records of Rockland Place Apartments Limited Partnership, and to award such other and further relief as is just and proper.

## Count III

### *Omni v. Connolly, FHRC, First Hartford and Mr. Ellis*

### Breach of Fiduciary Duty

43.     Omni hereby incorporates the averments of Paragraph Numbers 1-42 hereof as though fully set forth herein.

44.     Defendants owed a fiduciary duty to Omni pursuant to the Agreements they signed.

45.     By failing and refusing to account to Omni and pay Omni its portion of the development fee, the Defendants breached their fiduciary duties.

WHEREFORE, Omni respectfully requests the Court to enter judgment in favor of Omni and against the Defendants on Count III of the Complaint in the amount of $716,000, together with interest and costs, to order an accounting of the records of Rockland Place Apartments Limited Partnership, and to award such other and further relief as is just and proper.

<u>**Count IV**</u>

*Omni v. Connolly, FHRC, First Hartford and Mr. Ellis*

**Breach of the Implied Duty of Good Faith and Fair Dealing**

46.     Omni hereby incorporates the averments of Paragraph Numbers 1-45 hereof as though fully set forth herein.

47.     Defendants were under a duty to act in good faith and to deal fairly with Omni.

48.     Defendants breached their implied duty of good faith and fair dealing to Omni by engaging in the wrongful conduct described above.

49.     By such conduct, the Defendants caused Omni great damage and harm.

WHEREFORE, Omni respectfully requests the Court to enter judgment in favor of Omni and against Defendants on Count IV of the Complaint in the amount of $716,000, together with interest and costs, to order an accounting of the records of Rockland Place Apartments Limited Partnership,  and to award such other and further relief as is just and proper.

## Count V

### *Omni v. Connolly, FHRC, First Hartford and Mr. Ellis*

### Fraud in the Inducement

50.    Omni hereby incorporates the averments of Paragraph Numbers 1-49 hereof as though fully set forth herein.

51.    Defendants could not obtain the funding necessary for the Project without the participation of a partner like Omni.

52.    Mr. Ellis, with the knowledge and active participation of the other Defendants, devised a plan and scheme, unbeknownst to Omni, whereby they would agree to develop the Project with Omni at the outset to obtain all of the necessary government and funding approvals, then Mr. Ellis and Defendants would manage the Project and all funds diverting them for themselves and not paying Omni the development fee owed.

53.    Mr. Ellis and the Defendants fraudulently induced Omni to enter into the Agreements in order to further this scheme.

WHEREFORE, Omni respectfully requests the Court to enter judgment in favor of Omni and against Defendants on Count V of the Complaint in the amount of $716,000, together with interest and costs, to order an accounting of the records of Rockland Place Apartments Limited Partnership,  and to award such other and further relief as is just and proper.

13

## Count VI

### *Omni v. Connolly, FHRC, First Hartford, Mr. Ellis and the Reach and Apply and Trustee Defendants*

### Injunction

54.     Omni hereby incorporates the averments of Paragraph Numbers 1-53 hereof as though fully set forth herein.

55.     Pursuant to the Operating Agreement, Defendants owe Omni $ 716,000, together with interest and costs.

56.     Despite Omni's repeated demands, Defendants have steadfastly failed and refused to honor their obligations under the Agreements and have failed to pay Omni the money owed.

57.     Defendants have a history with partners in other development ventures of failing and refusing to pay them their shares of development fees then dissipating the fees and claiming that they have no funds left to pay what they are owed.

58.     If Defendants follow their prior pattern of conduct, Omni will have no way to satisfy the judgment it is likely to obtain against Defendants in this action.

59.     Omni has a likelihood of succeeding upon the merits of the Verified Complaint.

60.     Upon information and belief, Defendants do or will not have sufficient assets to satisfy the judgment which Omni is likely to obtain in this action.

61.     Upon information and belief, unless restrained and enjoined, Defendants are likely to transfer, alienate, dissipate, sell or otherwise dispose of their assets, thereby leaving Omni with no way to satisfy the judgment which it is likely to obtain in this matter.

62.     Unless Defendants are restrained and enjoined from transferring or disposing of their assets, Omni will suffer irreparable harm.  That harm outweighs any possible harm to Defendants.

WHEREFORE, Omni respectfully request the Court to issue a Temporary Restraining Order and, after a hearing, preliminarily and permanently enjoin Defendants; the Reach and Apply Defendant and the Trustee Defendants to the extent they are holding goods, effects or credits of the Defendants; and anyone acting in concert with Defendants from transferring any monies, funds or assets for any purpose up to the amount of $716,000, until further order of the Court.

Respectfully submitted,

PLAINTIFF
OMNI DEVELOPMENT CORPORATION,

By its attorneys,

Pamela E. Berman (BBO# 551806)
ADLER POLLOCK & SHEEHAN, P.C.
175 Federal Street
Boston, MA 02110
617-603-0552 (Telephone)
617-482-0604 (Telecopier)
pberman@apslaw.com (E-Mail)

Dated:  November 17, 2010

A TRUE COPY ATTEST
PROCESS SERVER
MICHAEL WALTON

15

**VERIFICATION**

I, Thomas F. O'Connor, Jr., hereby state under the pains and penalties of perjury that I am the Chairman of Plaintiff Omni Development Corporation. I have read the averments of the Complaint and based upon my personal knowledge and my review of the records of Omni Development Corporation, all of the averments are true and correct, except for those made upon information and belief, and those are true and correct to the best of my knowledge, information and belief.

Thomas F. O'Connor, Jr., Chairman
Omni Development Corporation

*551303 1.doc*

16