UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMNI DEVELOPMENT CORPORATION, : <br><br> Plaintiff, : <br><br> v. : <br><br> CONNOLLY AND PARTNERS, LLC, : <br> FHRC MANAGEMENT CORPORATION, : <br> FIRST HARTFORD CORPORATION, and : <br> NEIL H. ELLIS, : <br><br> Defendants, : <br><br> and : <br><br> ROCKVILLE BANK, : <br><br> Reach and Apply : <br> Defendant, : <br><br> ROCKLAND TRUST, : <br> BANK OF AMERICA, N.A., : <br> RBS CITIZENS BANK, : <br> SOVEREIGN BANK, : <br> FIDELITY MANAGEMENT AND : <br>   RESEARCH COMPANY, : <br> WAINWRIGHT BANK & TRUST : <br>   COMPANY, : <br> EASTERN BANK, and : <br> MECHANICS COOPERATIVE BANK, : <br><br> Trustee Defendants. : | CIVIL ACTION NO. <br><br> 1:10-cv-12017 JLT |

**MOTION FOR EXPEDITED HEARING ON EMERGENCY MOTION OF OMNI
DEVELOPMENT CORPORATION FOR TRUSTEE PROCESS ATTACHMENTS,
GENERAL WRIT OF ATTACHMENT AND TEMPORARY RESTRAINING ORDER**

Plaintiff Omni Development Corporation ("Omni"), by its attorneys, respectfully requests

the Court to grant an expedited hearing as soon as possible upon the Emergency Motion of Omni

1

for Trustee Process, General Writ of Attachment and Temporary Restraining Order ("Emergency TRO Motion") and in support thereof avers as follows:

1.    Omni commenced this action on November 17, 2010 by filing a Verified Complaint, Emergency TRO Motion, Memorandum in Support Thereof, and a Short Order of Notice requesting an immediate hearing in the Suffolk Superior Court.

2.    The Suffolk Superior Court granted the Short Order of Notice and scheduled the hearing on the Emergency TRO Motion on Tuesday, November 23, 2010 at 2:00 P.M.  A true and correct copy of the Court's Order is attached hereto and marked as Exhibit "A."

3.    All of the Defendants, the Reach and Apply Defendant, and the Trustee Process Defendants were served with the Verified Complaint, the Emergency TRO Motion, the Memorandum in Support Thereof, Short Order of Notice, Summons, and the Court Order with the November 23, 2010 date of the hearing on November 18, 2010. True and correct copies of the summons with the executed returns of service are attached hereto and collectively marked as Exhibit "B."

4.    On the eve of the November 23, 2010 hearing, while never filing a single piece of paper in opposition to the relief requested by Omni, and with the stated avowed purpose of avoiding the emergency hearing on November 23, 2010, Defendants removed this action to Federal Court causing a cancellation of the November 23, 2010 hearing.  A true and correct copy of Defendants' counsel's letter to Suffolk Superior Court removing the case from the hearing list is attached hereto and marked as Exhibit "C."

5.    Omni respectfully requests this Court to reschedule the hearing on the Emergency TRO Motion as expeditiously as possible -- preferably within the next day or two -- to preclude the Defendants from further dissipating their assets to defeat Omni's ability to collect upon the

judgment it is likely to obtain against the Defendants in this action, as well as not continuing to reward the Defendants for their dilatory conduct in avoiding and delaying the hearing without any good reason.

6.       Omni seeks to recover more than $716,000 from the Defendants in damages as a result of the Defendants' breaches of an Operating Agreement, a Limited Partnership Agreement, a Funding Agreement, and a Guaranty Agreement, whereby Defendants kept Omni's portion of a development fee for themselves, when they had promised and were obligated to pay one-half (1/2) of it to Omni.

7.       Despite repeated requests, Defendants have failed and refused to pay the portion of the development fee owed to Omni and have kept the development fee received for themselves.

8.       Omni recently learned that the account where the developer's fee is required to be maintained under the Funding Agreement has been decimated by the Defendants.  While it should have had, at the very least, the $716,000 developer's fee owed to Omni in it; as of November 22, 2010 it only had $112,000 in it.  The Affidavit of Joseph A. Caffey is attached hereto and marked as Exhibit "D."

9.       Moreover, in direct contravention of the requirements of the Funding Agreement, the Defendants withdrew money from and wrote checks on the account where the developer's fee was required to be kept without the required authorization of Joseph A. Caffey, the President of Omni.  Exhibit D, ¶¶ 11 & 12.

10.      The Defendants have clearly misappropriated the funds from the account where the developer's fee was to be maintained.  Exhibit D, ¶ 14.

3

11.    To make matters worse, Omni has learned that Defendants have a history of failing to pay other partners in similar types of ventures and later claiming that they have no money to satisfy their debt obligations.

12.    Defendants have steadfastly ignored and failed to respond to Omni's repeated requests and demands for payment of the development fee owed.

13.    Section 6.2 of the Operating Agreement clearly sets forth that the development fee, which the Amended and Restated Development Agreement states is $1,663,945.00, should be distributed in proportion to Defendant Connolly and Partners, LLC and Omni's respective interests which are each fifty percent (50%).

14.    Fifty percent (50%) of the development fee is $831,972.50 which was owed to Omni pursuant to the Operating Agreement, minus certain expenses which Omni approved in the amount of $115,972.50, leaving a total currently due and owing to Omni of $716,000.

15.    There is no question that Omni is likely to succeed upon the merits of its claims against the Defendants in an amount equal to or greater than the value of the amount and assets which Omni seeks to attach and restrain from being dissipated.

16.    Based upon the misconduct of Defendants in failing to pay the debt owed to Omni, the past misconduct of Defendants with their partners in other developments in failing to pay to them their share of development fees then claiming that they no longer have any money to pay them, there is a likelihood that Defendants will not have the funds to pay the debt owed to Omni without the award of prejudgment relief.

17.    Upon information and belief, Omni states that no single Trustee or Reach and Apply Defendant may have sufficient funds alone, or all together, to provide security for satisfaction of the judgment which Omni is likely to obtain against Defendants in this case.

4

18. The requested attachments and injunctive relief are necessary to provide security for satisfaction of at least part of the judgment which Omni will obtain in this action.

19. Omni has suffered and will continue to suffer irreparable harm as a result of the conduct of Defendants, and Omni will suffer further harm if Defendants are unable to pay the judgment Omni will eventually secure.

20. The balance of harms greatly favors Omni.

21. Omni is not aware of any liability insurance available to satisfy the obligations of Defendants to Omni.

22. Accordingly, unless the Court, immediately authorizes the issuance of the trustee process attachments of the accounts of Defendants, the general writs of attachment of Defendants' assets, and the requested injunctive relief, Omni is without any assurance or security that the judgment it is likely to obtain will be paid.

WHEREFORE, Omni respectfully requests that this Court grant an immediate hearing upon Omni's Emergency TRO Motion and upon hearing that Motion immediately issue the following order:

A. Approve an attachment on trustee process in the amount of $716,000 of all goods, effects, or credits of each of the following Defendants (Connolly and Partners, LLC, FHRC Management Corporation, First Hartford Corporation, and Neil H. Ellis are collectively referred as the "Defendants"):

(1.) Connolly and Partners, LLC,  8 Faneuil Hall, Boston MA;
(2.) FHRC Management Corporation,149 Colonial Road, Manchester, CT;
(3.) First Hartford Corporation, 149 Colonial Road, Manchester, CT; and
(4.)  Neil H. Ellis, 43 Butternut Road, Manchester, CT;

whether held as an entity, individually, jointly, in trust or with others in

the hands of Trustee Defendants:

Rockland Trust
288 Union Street
Rockland, MA

Bank of America, N.A
60 State Street
Boston, MA

RBS Citizens Bank
28 State Street
Boston, MA

Sovereign Bank
75 State Street
Boston, MA

Wainwright Bank & Trust Company
63 Franklin Street
Boston, MA

Eastern Bank
265 Franklin Street
Boston, MA

Mechanics Cooperative Bank
308 Bay Street
Taunton, MA

B.     Grant a general writ of attachment on all assets, including but not

limited to equipment, tangible and real property, belonging to and/or in

the possession of each or any of the Defendants up to the amount of

$716,000;

C.     Temporarily enjoin, until a preliminary injunction hearing is held

and a decision rendered, Reach and Apply Defendant Rockville Bank, to

the extent that it is holding goods, effects or credits of any of the

Defendants, from transferring any such monies, funds or assets for any

purpose up to the amount of $716,000, until further order of the Court; and

D.      Temporarily enjoin, until a preliminary injunction hearing is held and a decision rendered, Defendants and anyone acting in concert with them from transferring any monies, funds, or assets for any purpose up to the amount of $716,000, until further order of the Court.

Respectfully submitted,

/s/Pamela E. Berman
Pamela E. Berman, (BBO# 551806)
ADLER POLLOCK & SHEEHAN P.C.
175 Federal Street, 10th Floor
Boston, MA 02110
Tel:  617-482-0600
Fax:  617-482-0604
E-Mail: pberman@apslaw.com

*Attorneys for the Plaintiff*
*Omni Development Corporation*

Dated:  November 23, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2010, I caused a true and correct copy of the foregoing Motion for Expedited Hearing on Emergency Motion of Omni Development Corporation for Trustee Process, General Writ of Attachment and Temporary Restraining Order to be served via the electronic filing system upon:

Lee H. Kozol
Friedman & Atherton
Exchange Place
53 State Street
Boston, MA 02109
lkozol@friedmanatherton.com

*Attorneys for Defendants*
*Connolly and Partners, LLC,*
*FHRC Management Corporation,*
*First Hartford Corporation, and*
*Neil Ellis*

and first class mail, postage prepaid, upon Reach and Apply Defendant and Trustee Process Defendants as follows:

Rockville Bank
Big Y Manchester
234 Tolland Turnpike
Manchester, CT 06040

Rockland Trust
288 Union Street
Rockland, MA 02370

Bank of America, N.A
60 State Street
Boston, MA 02109

RBS Citizens Bank
28 State Street
Boston, MA 02109

Sovereign Bank
75 State Street
Boston, MA 02109

Fidelity Management and Research Company
10 Post Office Square
Boston, MA 02109


Wainwright Bank & Trust Company
63 Franklin Street
Boston, MA 02110


Eastern Bank
265 Franklin Street
Boston, MA 02110


Mechanics Cooperative Bank
308 Bay Street
Taunton, MA 02780



/s/Pamela E. Berman
Pamela E. Berman


*554249_1.doc*